ASHBY v BYRNES

Docket No. 228736. Submitted April 10, 2002, at Detroit. Decided June 4, 2002, at 9:00 A.M.

Kimberly and Douglas Ashby served notice on March 27, 1996, to Paul M. Byrnes, M.D., and Paul M. Byrnes, M.D., P.C., of their intent to file a medical malpractice action against the doctor and his professional corporation relating to surgery performed on October 26, 1995. The intended defendants filed for bankruptcy on November 11, 1996, before the Ashbys could file their action, and the automatic bankruptcy stay was not lifted until April 9, 1999. The Ashbys, on April 21, 1999, issued an amended notice of intent to file an action to raise an additional malpractice claim against the intended defendants. The Ashbys filed their medical malpractice action on January 11, 2000, in the Lenawee Circuit Court, Harvey A. Koselka, J., which granted summary disposition for the defendants on the ground that the action was barred by the statute of limitations. The plaintiffs appealed.

The Court of Appeals *held*:

1. The plaintiffs' medical malpractice claim accrued on October 26, 1995, MCL 600.5838a(1), and was subject to a two-year period of limitation that, in the absence of the bankruptcy filing, would have expired on October 26, 1997. However, under subsection 108(c)(2) of the Bankruptcy Code, 11 USC 108(c)(2), the limitation period did not expire until thirty days after the termination of the bankruptcy stay. The plaintiffs' action was not filed within the limitation period, as extended by the Bankruptcy Code. Thus, the trial court did not err in ruling that the action was barred by the statute of limitations.

2. The plaintiffs' amended notice of intent to file a medical malpractice action, which notice was issued during the thirty-day grace period provided by the Bankruptcy Code for the expiration of the period of limitation for the plaintiffs' malpractice action, did not give the plaintiffs an additional 182-day period after the notice in which to file their complaint. MCL 600.2912b(6) provides that after the initial notice is given to a health professional or health facility, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — BANKRUPTCY.

A statutory period of limitation applicable to a cause of action against a debtor who files for bankruptcy that, in the absence of the bankruptcy filing, would expire while the automatic bankruptcy stay is in effect is extended by the Bankruptcy Code so that it does not expire until thirty days after notice of the termination of the bankruptcy stay (11 USC 108[c][2]).

*Mazur Morgan Meyers & Kittel, PLLC* (by *John I. Kittel* and *Linda M. Galante*), for the plaintiffs.

*Ferriby, Houston & Belanger* (by *Robert L. Ferriby, Jr.* and *Randall A. Juip*), for the defendants.

Before: BANDSTRA, P.J., and SMOLENSKI and METER, JJ.

BANDSTRA, P.J. In this action alleging medical malpractice, plaintiffs appeal as of right from the trial court's order granting summary disposition in favor of defendants Paul M. Byrnes, M.D., and Paul M. Byrnes, M.D., P.C. The trial court granted summary disposition pursuant to MCR 2.116(C)(7) and (C)(10), after concluding that plaintiffs filed their claim beyond the time allowed by the applicable statute of limitations. We affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

On October 26, 1995, plaintiff Kimberly Ashby was admitted to Emma L. Bixby Medical Center,[1] where she underwent a hysterectomy performed by Dr. Byrnes. According to plaintiffs, Dr. Byrnes negligently performed the hysterectomy by suturing Kimberly's ureter during the procedure. As a result, Kimberly was unable to urinate and was required to undergo an

---

[1] Although initially a party to this suit, Emma L. Bixby Medical Center, doing business as Bixby Medical Center, was dismissed from the action by stipulation of the parties and is not involved in this appeal. Accordingly, "defendants" hereinafter refers solely to defendants-appellees Paul M. Byrnes, M.D., and Paul M. Byrnes, M.D., P.C.

additional procedure wherein a urologist inserted a stent into her ureter in an effort to alleviate that condition.

Claiming damage to Kimberly's ureter, bladder, and kidneys as a result of Dr. Byrnes' negligence in performing the hysterectomy, plaintiffs filed a notice of intent to file a medical malpractice claim on March 27, 1996, as required by MCL 600.2912b. Before plaintiffs filed a claim, however, defendants filed for bankruptcy on November 11, 1996. Plaintiffs could not then file suit for medical malpractice because of the automatic stay imposed by the United States Bankruptcy Code.[2] Some years later, plaintiffs filed a motion to lift the automatic stay, which was granted by the bankruptcy court on April 9, 1999.[3] On April 21, 1999, plaintiffs filed an amended notice of intent claiming that Dr. Byrnes had also performed the hysterectomy without medical necessity. On January 11, 2000, plaintiffs filed their medical malpractice claim. The trial court, however, dismissed plaintiffs' claims after concluding that the claims were time-barred under the applicable statute of limitations. This appeal followed.

## II. LEGAL ANALYSIS

### A. 11 USC 362 AND TOLLING OF THE STATUTE OF LIMITATIONS

On appeal, plaintiffs first argue that the trial court erred in failing to rule that the automatic stay imposed under 11 USC 362 tolled the period of limitation in this matter. We disagree. This Court reviews a trial court's decision to grant a motion for summary

---

[2] See 11 USC 362.

[3] The order lifting the stay was affirmed on appeal on September 23, 1999.

disposition de novo to determine if the moving party was entitled to judgment as a matter of law.[4] Similarly, absent a disputed issue of fact, the determination whether a cause of action is barred by a statute of limitations is a question of law that this Court reviews de novo.[5] We also review the interpretation of a statute de novo as a question of law.[6]

Generally, a plaintiff must bring a cause of action for medical malpractice within either two years of the accrual of the claim or six months of the date the malpractice was discovered or should have been discovered, whichever is later.[7] A claim for medical malpractice accrues "at the time of the act or omission which is the basis for the claim . . . ."[8] Here, the alleged medical malpractice occurred on October 26, 1995, and was quickly discovered. Therefore, the statute of limitations applicable to plaintiffs' cause of action barred the filing of a claim after October 26, 1997.

Before filing a medical malpractice action, however, a notice of intent must be provided to the defendant. MCL 600.2912b states, in pertinent part:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

\*          \*          \*

---

[4] *Nationsbanc Mortgage Corp of Georgia v Luptak*, 243 Mich App 560, 563; 625 NW2d 385 (2000).

[5] *Colbert v Conybeare Law Office*, 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

[6] *Id.* at 614.

[7] MCL 600.5805(5), 600.5838a(2).

[8] MCL 600.5838a(1); *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 220; 561 NW2d 843 (1997).

> (9) If at any time during the applicable notice period under this section a health professional or health facility receiving notice under this section informs the claimant in writing that the health professional or health facility does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health professional or health facility, so long as the claim is not barred by the statute of limitations.

In this case, plaintiffs filed the required notice of intent to file a claim on March 27, 1996. Defendants' insurance carrier denied plaintiffs' claim on May 23, 1996. Thus, under MCL 600.2912b(9), plaintiffs could have commenced an action at that time, the claim not being barred by the statute of limitations from that date until October 26, 1997. However, on November 11, 1996, defendants filed a petition for bankruptcy, triggering the automatic stay provision of 11 USC 362. Plaintiffs argue that, from that date until the bankruptcy stay was lifted, the running of the period of limitation was tolled. We do not agree.

The Bankruptcy Code states, under 11 USC 108(c):

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

If statutory language is clear and unambiguous, "judicial construction is neither required nor permitted and courts must apply the statute as written."[9] Here, the language of the statute is clear and unambiguous. Plaintiffs had two years under the "applicable nonbankruptcy law," i.e., the Michigan statute of limitations, to file their medical malpractice claim. That period ended "on or after the commencement of the [bankruptcy] case," during the pendency of that case, on October 26, 1997. Thus, under subsection 108(c)(2), plaintiffs were provided a thirty-day grace period to file their medical malpractice claim after the lifting of the automatic stay of bankruptcy.[10]

We find plaintiffs' argument that the bankruptcy stay itself tolls the Michigan period of limitation to be inconsistent with the language of 11 USC 108(c).[11] The main clause of that section clearly indicates that "applicable nonbankruptcy law" must be the source of a "period for commencing . . . a civil action" in order for the section to apply. We conclude that, consistent with that directive, questions regarding

---

[9] *Kent v Alpine Valley Ski Area, Inc*, 240 Mich App 731, 736; 613 NW2d 383 (2000).

[10] See *Easley v Pettibone Michigan Corp*, 990 F2d 905, 912 (CA 6, 1993) (holding that a products liability claim subject to a period of limitation that expired during a bankruptcy stay must be filed within thirty days of the lifting of the stay; the stay did not toll the period of limitation); see also *Bowers v Bowers*, 216 Mich App 491, 495-499; 549 NW2d 592 (1996) (where, although this issue was not raised, our Court did not construe 11 USC 108[c] as tolling a Michigan period of limitation during the period of the automatic bankruptcy stay).

We note that plaintiffs did not file their medical malpractice claim within thirty days of the decision affirming the order lifting the stay of bankruptcy and, thus, we need not determine whether the thirty-day grace period begins with the initial order lifting the bankruptcy stay or a decision affirming that order.

[11] Plaintiffs rely on precedents from federal courts in other circuits and foreign state courts. To the extent that these nonbinding decisions may properly be construed to support plaintiffs' argument, we reject their analysis.

whether "any suspension of such period" has occurred under 11 USC 108(c)(1) must similarly be determined using applicable nonbankruptcy law. As an example, the period of limitation for malpractice actions may be tolled as a result of the prefiling notice provisions.[12] In such instances, 11 USC 108(c)(1) allows an action to be filed after a bankruptcy stay is lifted, if, as a result of the suspension of the running of the statutory period of limitation pursuant to state law, the period of limitation has not expired when the stay is lifted. Alternatively, 11 USC 108(c)(2) provides that, regardless of the expiration during the bankruptcy stay of a limitation period fixed by any statute of limitation or similar nonbankruptcy law, order or agreement, claimants have thirty days from the termination of that stay to bring an action.

This statutory scheme would be seriously disrupted if plaintiffs' arguments were adopted. Plaintiffs would have us conclude that the bankruptcy stay itself suspends the running of a period of limitation fixed by a statute of limitations or a similar nonbankruptcy law, order or agreement establishing a period for bringing suit that would otherwise expire during the bankruptcy stay. That approach would render subsection 108(c)(2) of the Bankruptcy Code meaningless except in cases where the period of limitation established by nonbankruptcy law was set to expire within thirty days of the filing of the petition of bankruptcy. In cases where more time is still available at the filing of the petition, if the bankruptcy itself acts as a tolling provision, that longer time would still be available upon the lifting of the bankruptcy stay. We do not conclude that this approach and its diminishment of

---

[12] MCL 600.5856(d).

the import of subsection 108(c)(2) is consistent with the overall legislative intent indicated by the full Bankruptcy Code.

### B. PLAINTIFFS' AMENDED NOTICE OF INTENT

Plaintiffs' second argument on appeal is that it was sufficient that they filed an amended notice of intent to file a malpractice claim during the thirty-day grace period. In effect, plaintiffs argue that they should have been allowed an additional 182-day period following the filing of that amended notice in which to file their complaint. We disagree.

MCL 600.2912b(6) states:

> After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

We find plaintiffs' arguments against applying this · clear statutory language here to be unpersuasive.

First, plaintiffs argue that the statute does not apply because, under the facts of this case, their initial filing of a notice of intent did not effectively result in any tolling of the period of limitation. Plaintiffs note that the period had not expired before defendants, through their insurance carrier, denied plaintiffs' claim. Thus, plaintiffs argue, they received no benefit from the statute granting them a tolling of the running of the limitation period following the filing of their initial notice of intent.[13] However, although we recognize that subsection 2912b(6) specifically proscribes only the tacking or addition of

---

[13] See MCL 600.5856(d).

"successive" periods, the overall intent of the language of the statute is clearly that only "the initial notice" results in a tolling of the limitation period "irrespective of how many additional notices are subsequently filed."[14] The statute nowhere suggests that this limiting language applies only when the first notice filing tolled the period of limitation.

Second, plaintiffs argue that their amended notice of intent did not pertain to the same claim referenced in their initial notice because they added an additional theory of liability against defendants. Thus, plaintiffs argue that the language of the statute regarding "notices . . . subsequently filed for that claim" is not applicable. Again, we disagree with this constricted reading of the statute. By its terms, the statute would clearly apply to an additional notice that added other "health professionals or health facilities" to a claim originally noticed against an individual "health professional or health facility." If that is the case, which it clearly is, we cannot construe the statute to be inapplicable when a notice merely alleges additional theories of liability against an already named defendant.

We affirm.

---

[14] MCL 600.2912b(6).