# SPECIAL ORDERS

In this section are orders of the court (other than grants and denials of leave to appeal from the Court of Appeals) of general interest to the bench and bar of the state.

*Leave to Appeal From Attorney Discipline Board Denied August 26, 2005:*
GRIEVANCE ADMINISTRATOR V DORSEY, No. 129177.

*Rehearings Denied September 14, 2005:*
WOODARD V CUSTER, Nos. 124994, 124995. Reported at 473 Mich 1.
CAVANAGH and KELLY, JJ. We would grant rehearing.
GLASS V GOECKEL, No. 126409. Reported at 473 Mich 667.
YOUNG, JR., and MARKMAN, JJ. We would grant rehearing.
AYAR V FOODLAND DISTRIBUTORS, No. 126870. Reported at 472 Mich 713.

*Rehearings Denied September 23, 2005:*
PEOPLE V BELL, No. 125375. Reported at 473 Mich 275.

On order of the Court, the motion for rehearing is considered and, in lieu of granting rehearing, the opinion of the Court is amended as follows:

The first sentence in Part I (slip opinion page 3) is amended to read: "On July 29, 1999, defendant was involved in the robbery and shooting deaths of Chanel Roberts and Amanda Hodges."

The second full sentence on slip opinion page 27 is amended to read: "Both the trial court and the prosecutor objected to defense counsel's use of peremptory challenges, claiming that he was using them to exclude Caucasian veniremembers."

In all other respects, the motion for rehearing is denied.

CAVANAGH, J. I would grant rehearing.

KELLY, J., dissents and states as follows:

I would grant defendant's motion for rehearing.

While the majority is willing to concede that it made minor errors in its recitation of the facts, it ignores the issue underlying defendant's motion: whether the trial court erred by failing to follow the well-established procedures set forth in *Batson v Kentucky*, 476 US 79 (1986).

I continue to believe that the trial court misapplied *Batson*. Because *Batson* errors are structural in nature, they are not amenable to harmless error review and require automatic reversal. *Arizona v Fulminante*, 499 US 279, 309-310 (1991), see also *United States v McFerron*, 163 F3d 952, 955-956 (CA 6, 1998).

Regrettably, given that a structural error occurred in this case, defendant should have a new trial.

MCCLEMENTS V FORD MOTOR COMPANY, No. 126276. Reported at 473 Mich 373.