**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED OCTOBER 4, 2005**

KEITH W. MAYBERRY and JOANNA
MAYBERRY,

    Plaintiffs-Appellants,

v                                      No. 126136

GENERAL ORTHOPEDICS, P.C., and
WILLIAM H. KOHEN, M.D.,

    Defendants-Appellees.

_____

PER CURIAM.

We are presented with the question whether a second notice of intent to sue for medical malpractice tolls the period of limitations when an earlier notice was sent with more than 182 days remaining in the limitations period. We hold that it does. In *Omelenchuk v City of Warren*,[1] we held that a notice of intent to sue for medical malpractice, filed with fewer than 182 days remaining in the limitations

---

[1] 461 Mich 567, 574-575; 609 NW2d 177 (2000), overruled in part on other grounds *Waltz v Wyse*, 469 Mich 642, 655; 677 NW2d 813 (2004).

period, initiates the 182-day tolling period of MCL 600.5856(d).[2] This case takes the next step, asking whether a plaintiff, who filed a notice of intent to sue sufficiently early in the limitations period that no tolling began, can send a second notice of intent to sue to a defendant with fewer than 182 days remaining in the limitations period and rely on that second notice to initiate tolling under § 5856(d). Or does this violate the prohibition in MCL 600.2912b(6) against "the tacking or addition of successive 182-day periods" after initial notice is given to a defendant?

We conclude that a second notice of intent to sue, sent with fewer than 182 days remaining in the limitations period, can initiate tolling under § 5856(d) as long as the first notice of intent to sue did not initiate such tolling. Section 2912b(6) prohibits a plaintiff from giving presuit notice to a defendant multiple times in order to initiate multiple tolling periods that repeatedly extend the period of limitations. This did not occur here. Instead, plaintiffs filed only one notice of intent to sue

---

[2] We note that recent amendments of § 5856 caused § 5856(d) to be redesignated as § 5856(c). For the sake of clarity, in this opinion, we refer to the statute in effect at the time of the lower court proceedings.

2

that initiated a tolling period. Because plaintiffs filed their claims against both defendants within the limitations period, as tolled by § 5856(d), we reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Plaintiffs claim that Dr. William H. Kohen negligently operated on Keith Mayberry's wrist on November 22, 1999. Among other things, plaintiffs allege that Dr. Kohen negligently cut a nerve, resulting in Keith Mayberry's losing at least some of the use of his wrist. The parties agree that plaintiffs' malpractice claim accrued on November 22, 1999. Accordingly, in the absence of any tolling, the two-year period of limitations applicable to medical malpractice actions, MCL 600.5805(6), would have expired on November 22, 2001.

On June 21, 2000, plaintiffs mailed to Dr. Kohen a notice of intent to sue. This notice is required of a plaintiff who intends to file a medical malpractice lawsuit. MCL 600.2912b. A plaintiff generally may not file a medical malpractice complaint any earlier than 182 days after this notice has been given, although a complaint may be filed after 154 days if the defendant does not respond to the notice or even sooner if the defendant gives

3

notice that it will not settle.  MCL 600.2912b(1),(8), and (9).

Plaintiffs mailed a second notice of intent to sue on October 12, 2001—approximately one month before the limitations period expired.  This notice again named Dr. Kohen, and set forth additional allegations relating to his treatment of Keith Mayberry.  It also added a new defendant, Dr. Kohen's professional corporation, General Orthopedics, P.C.  Plaintiffs then filed their complaint against both defendants on March 19, 2002, 158 days after the second notice of intent to sue was mailed.[3]

Defendants filed a motion for summary disposition, arguing that plaintiffs' complaint was filed after the limitations period expired.  Plaintiffs responded that the 182-day tolling period authorized by § 5856(d) extended the limitations period, and that their complaint, filed on March 19, 2002, was timely.[4]  The trial court determined

---

[3] Plaintiffs asserted in the trial court that they were obligated to wait only 154 days before bringing suit, as opposed to 182 days, because defendants failed to respond to the notice of intent to sue.  See MCL 600.2912d(8). Defendants have not challenged plaintiffs' assertion in this Court, and we do not address this issue, which was not raised on appeal.

[4] If the limitations period would expire during the notice period, the period is tolled for the number of days
(continued…)

4

that § 5856(d) did not apply in this case because only plaintiffs' first notice of intent to sue was eligible to toll the limitations period, and it granted defendants' motion.  The Court of Appeals affirmed.[5]

Plaintiffs seek leave to appeal in this Court.  We ordered oral argument on the application, 471 Mich 931 (2004), and we now reverse.

## II.  STANDARD OF REVIEW

We review de novo a trial court's grant of summary disposition based on a statute of limitations.  *Waltz v Wyse,* 469 Mich 642, 647-648; 677 NW2d 813 (2004). Questions of statutory interpretation are also reviewed de novo.  *Burton v Reed City Hosp Corp*, 471 Mich 745, 751; 691 NW2d 424 (2005).

## III.  DISCUSSION

As we have previously explained, if the mandatory notice of intent to sue is given in such a manner that the period of limitations would expire during the 182-day notice period, § 5856(d) operates to toll the limitations

---

(continued…)
in the notice period.  MCL 600.5856(d); *Omelenchuk*, *supra* at 574-575.  By our count, if the limitations period was tolled for 182 days, plaintiffs had until May 23, 2002, to file their complaint.

[5]  Unpublished memorandum opinion of the Court of Appeals, issued February 17, 2004 (Docket No. 244162).

5

period for 182 days from the date notice is given. *Omelenchuk*, *supra* at 575.[6]

But we have not addressed how a plaintiff's decision to send a party multiple notices of intent to sue affects tolling under § 5856(d). When multiple notices are sent to a party, the otherwise straightforward application of § 5856(d) may be affected by MCL 600.2912b(6), which states:

> After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

The Court of Appeals considered the interplay between § 5856(d) and § 2912b(6) in *Ashby v Byrnes*, 251 Mich App 537, 544-545; 651 NW2d 922 (2002), a decision relied on by the Court of Appeals in the instant case. In *Ashby*, as

---

[6] MCL 600.5856 provided, in pertinent part:

> The statutes of limitations or repose are tolled:
>
> * * *
>
> (d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

6

here, the plaintiffs mailed a second notice of intent to sue within the last 182 days of the limitations period. The plaintiffs argued that this second notice of intent to sue initiated tolling under § 5856(d), and that their complaint was timely filed. The Court of Appeals disagreed, concluding that "only 'the initial notice' results in a tolling of the limitation period 'irrespective of how many additional notices are subsequently filed.'" *Ashby, supra* at 545. This is true, the Court concluded, even if the first notice of intent to sue did not initiate tolling under § 5856(d) because § 2912b(6) "nowhere suggests that this limiting language applies only when the first notice filing tolled the period of limitation." *Ashby, supra* at 545.

We respectfully disagree. Section 2912b(6) prohibits "the tacking or addition of successive 182-day periods . . . ." When considering the meaning of this language, *Ashby* failed to recognize that "tacking" is a legal term of art, and that § 2912b(6) must be interpreted in a manner that is consistent with the acquired meaning of the word "tacking." See MCL 8.3a ("technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning"), and

7

*People v Law,* 459 Mich 419, 425 n 8; 591 NW2d 20 (1999). Indeed, tacking is a familiar concept in cases involving statutes of limitations. It generally refers to adding time periods together to affect the running of a limitations period.[7]

With this definition in mind, we find that the reference to "tacking" in § 2912b(6) is to the tacking of limitations periods that have actually been initiated pursuant to § 5856(d); the Legislature's concern about tacking successive 182-day periods is meaningful only to the extent that such an action affects the expiration of the limitations period. As a result, the prohibition in § 2912b(6) against tacking only precludes a plaintiff from enjoying the benefit of multiple tolling periods. It does not, as *Ashby* held, restrict the application of the tolling provision in § 5856(d) to the initial notice of intent to sue if the tolling provision in § 5856(d) did not even

---

[7] See Black's Law Dictionary (8th ed), p 1492, noting that tacking can be a reference to the joining of consecutive periods of possession to satisfy a statutory limitations period for adverse possession; see also Black's Law Dictionary (6th ed), p 1452, noting that tacking can also be used "to avoid the bar of a statute of limitations."

apply to the initial notice of intent to sue.[8]  Stated otherwise, if the initial notice did not toll the statute of limitations period, there would be no problem of "successive 182-day periods" that § 2912b(6) prohibits.

Applying this analysis to the undisputed facts shows that plaintiffs' claims against both General Orthopedics and Dr. Kohen were filed within the limitations period. Plaintiffs gave only one notice to General Orthopedics, on October 12, 2001, 42 days before the period of limitations expired.  Because only one notice was given, the prohibition in § 2912b(6) against "the tacking or addition of successive 182-day periods" does not apply.  The timeliness of this claim depends only on whether tolling under § 5856(d) was initiated.  And, as *Omelenchuk* makes clear, this initial notice initiated tolling under § 5856(d) because it was filed within the last 182 days of the limitations period.  As a result, the period of limitations for plaintiffs' claim against General Orthopedics was tolled for 182 days, or until April 12, 2002, and then ran for 42 more days, expiring on May 23, 2002.  Plaintiffs' March 19, 2002, complaint, presenting

---

[8] Accordingly, we overrule that part of *Ashby* that is inconsistent with this opinion.

9

their claim against General Orthopedics, was filed within the limitations period.

Plaintiffs sent two notices of intent to sue to Dr. Kohen, but did not sue him within two years of the alleged malpractice; therefore, for their claim against Dr. Kohen to be timely, plaintiffs must show that one of the two notices tolled the limitations period. The first notice was sent to Dr. Kohen only seven months into the two-year limitations period. Because the presuit notice period begun by this notice of intent to sue expired before the period of limitations expired, the tolling provision of § 5856(d) did not come into play.[9] As a result, the timeliness of plaintiffs' claim against Dr. Kohen depends on whether their second notice initiated tolling under § 5856(d).

---

[9] As we noted in *Omelenchuk, supra* at 574:

[I]f the interval when a potential plaintiff is not allowed to sue ends before the limitation period ends (i.e., if notice is given more than one hundred eighty-two days before the end of the limitation period), then MCL 600.5856(d); MSA 27A.5856(d) is of no consequence. In that circumstance, the limitation period is unaffected by the fact that, during that period, there occurs an interval when a potential plaintiff cannot file suit.

The Court of Appeals considered plaintiffs' second notice of intent to sue, and concluded that it did not initiate tolling under § 5856(d) because § 2912b(6) prevented plaintiffs from "obtaining the benefit of *another* 182-day tolling period based on the filing of multiple notices of intent." (Emphasis added.)

We agree with this description of the scope of § 2912b(6), but not with its application to these facts. As stated earlier, plaintiffs' first notice did not initiate tolling under § 5856(d). It is not accurate, therefore, to state that plaintiffs sought to obtain the benefit of "another" tolling period by sending Dr. Kohen a second notice of intent to sue. Rather, plaintiffs' second notice, sent with fewer than 182 days remaining in the limitations period, was the first one eligible to initiate tolling under § 5856(d). Because plaintiffs only invoked the tolling provision of § 5856 once, and filed their complaint before the period of limitations expired, their complaint was timely. In the language of § 2912b(6), plaintiffs are not "tacking . . . successive 182-day periods" to make their complaint timely. Nothing in § 2912b(6) prevents plaintiffs from deriving the benefit of a single tolling period of 182 days as a result of a timely

11

given notice of intent to sue, as long as the notice otherwise complies with the requirements of § 2912b.

## IV. CONCLUSION

Section 2912b(6) prohibits the tacking of successive notice periods to create multiple tolling periods. In this case, § 2912b(6) poses no bar to plaintiffs' ability to invoke tolling under § 5856(d) because plaintiffs did not seek to tack or add successive 182-day periods in order to reap the benefits of multiple tolling periods. Because plaintiffs filed their claims against both Dr. Kohen and General Orthopedics within the limitations period, as tolled by § 5856(d), we reverse the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

12