*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUMMIT STREET DEVELOPMENT
COMPANY, LLC,

UNPUBLISHED
December 10, 2019

Plaintiff-Appellant,

v

STATE OF MICHIGAN, DEPARTMENT OF
TECHNOLOGY, MANAGEMENT, AND
BUDGET, DEPARTMENT OF LICENSING
AND REGULATORY AFFAIRS, and
MICHIGAN PUBLIC SERVICE
COMMISSION,

No. 346133
Court of Claims
LC No. 18-000126-MK

Defendants-Appellees.

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

In this breach-of-contract action, plaintiff appeals as of right the order of the Court of Claims granting summary disposition under MCR 2.116(C)(7) to defendants the State of Michigan, the Department of Technology, Management, and Budget (DTMB), the Department of Licensing and Regulatory Affairs, and the Michigan Public Service Commission. Because the plain language of MCL 600.6452 provides that plaintiff had three years from the date its alleged claim accrued to file this lawsuit against defendants, and because plaintiff filed its complaint more than three years after the claim accrued, we affirm.

## I. FACTUAL HISTORY

This case arises from a lease agreement between defendants and plaintiff under which the state was to lease a parcel of property for commercial office space for the Public Service Commission. Following approval by various state agencies and officials, the lease agreement became effective on June 18, 2013. On May 2, 2014, the DTMB sent plaintiff a letter canceling the lease, alleging that plaintiff had breached the lease by failing to meet a deadline.

On November 21, 2014, plaintiff filed a petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code. It is undisputed that on May 1, 2015, plaintiff timely filed the notice required under MCL 600.6431 for claims against the state. On January 28, 2016, the bankruptcy court entered an order approving plaintiff's amended bankruptcy reorganization plan. The plan specifically provided that plaintiff's property, including all causes of action, vested in plaintiff.

Plaintiff filed this lawsuit in the Court of Claims alleging breach of contract and other claims on July 8, 2018—over four years after the DTMB sent its letter canceling the lease agreement, and nearly 2½ years after the bankruptcy court approved the plan confirming that plaintiff had full title to all causes of action. Defendants answered by moving for summary disposition and asserted that, under MCL 600.6452(1), plaintiff's complaint was untimely because it was filed more than three years after plaintiff's claim accrued.

The Court of Claims agreed with defendants and rejected plaintiff's argument that the general six-year limitation period for contract actions, MCL 600.5807(9), applied. Instead, the Court of Claims ruled that for actions against the state in the Court of Claims, the maximum three-year period set forth in MCL 600.6452(1) applied. The Court of Claims also rejected plaintiff's argument that 11 USC 108(a) rendered its filing timely.[1] The Court of Claims concluded that 11 USC 108(a) provided that plaintiff could timely file its complaint under either the original period of limitations established by MCL 600.6452 or within two years of filing its bankruptcy petition, whichever came later. It noted that plaintiff did not do so, and rejected plaintiff's assertion that equitable tolling could extend the time for filing its complaint. The Court of Claims accordingly granted summary disposition to defendants under MCR 2.116(C)(7). This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews trial court rulings on motions for summary disposition and issues of statutory interpretation de novo. *McCahan v Brennan*, 492 Mich 730, 735-736; 822 NW2d 747 (2012).

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence . . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*,

---

[1] The text of 11 USC 108(a) is set forth below.

461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citations omitted).]

Furthermore, when the language of a statute is clear and unambiguous, this Court "will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011).

## III. ANALYSIS

The plain language of MCL 600.6452 provides that, at most, a party has three years to file a claim against the state in the Court of Claims. The statute provides, in relevant part, that all claims against the state must be filed in the Court of Claims no later than three years after those claims accrue, or they will be "forever barred":

> (1) Every claim against the state, cognizable by the court of claims, *shall be forever barred* unless the claim is filed with the clerk of the court or suit instituted thereon in federal court as authorized in section 6440, within *3 years after the claim first accrues.*

> (2) *Except as modified by this section*, the provisions of RJA chapter 58, relative to the limitation of actions, shall also be applicable to the limitation prescribed in this section. [(MCL 600.6452(1)-(2) (emphasis added).]

In *Gleason v Dep't of Transp*, 256 Mich App 1, 2; 662 NW2d 822 (2003), this Court interpreted MCL 600.6452(1) as a default position, but that if a different statute provided for a limitation period shorter than three years then that shorter period would apply:

> Subject to *shorter* limitation periods contained in other statutes that would supersede the "all-purpose" three-year limitation period set forth in legislation pertaining to the Court of Claims, "[e]very claim against the state, cognizable by the court of claims, shall be forever barred unless the claim is filed . . . within 3 years after the claim first accrues." [Alterations in original.]

Accordingly, MCL 600.6452(1)-(2) establishes that a three-year statute of limitations applies to all claims brought in the Court of Claims unless a shorter period of limitations is established in Chapter 58 of the RJA. See *id.*

Plaintiff, however, argues that MCL 600.6452(2) preserves the *six*-year limitations period from Chapter 58 of the RJA, MCL 600.5807(9), applicable to actions grounded in contract. But both the plain language of MCL 600.6452(1) and (2) and this Court's opinion in *Gleason* hold otherwise. Plaintiff relies on several cases from this Court and our Supreme Court in support of its position, but none of those cases analyzed MCL 600.6452. In fact, most of them did not even mention MCL 600.6452, and many were decided before the Legislature enacted MCL 600.6452 in 1963. Accordingly, the Court of Claims properly ruled that plaintiff's claim was untimely under MCL 600.6452.

Plaintiff additionally asserts that under the Bankruptcy Code, 11 USC 108(a)(1), its filing of a bankruptcy petition tolled the statute of limitations. 11 USC 108(a)(1) provides for a potential extension of time for the commencement of a lawsuit:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case

Plaintiff argues that 11 USC 108(a)(1) tolled the statute of limitations during the pendency of its bankruptcy proceedings. This Court, however, has rejected a similar argument in the past. See *Ashby v Byrnes*, 251 Mich App 537, 542-543 (2002), overruled in part on other grounds by *Mayberry v Gen Orthopedics, PC*, 474 Mich 1; 704 NW2d 69 (2005) ("We find plaintiffs' argument that the bankruptcy stay itself tolls the Michigan period of limitation to be inconsistent with the language of 11 USC 108(c).").[2] Thus, 11 USC 108(a) did not of its own force toll the statute of limitations. Accordingly, the Court of Claims properly ruled that the bankruptcy filing did not sufficiently extend the time for filing this complaint.

Plaintiff also argues that the doctrine of equitable tolling rendered its complaint timely. As explained by our Supreme Court in *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 406; 738 NW2d 664 (2007), however, the doctrine of equitable tolling does not apply here. Specifically, in the section of its opinion in *Trentadue*, titled "Equitable Tolling," our Supreme Court held that the use of equity to avoid application of a statute of limitations is "limited to those circumstances when the courts themselves have created confusion" regarding the proper application of a statute of limitation. *Id*. No such confusion exists here. Thus, the Court of Claims properly rejected this argument.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan

---

[2] 11 USC 108(c) is similar to 11 USC 108(a) except that it extends the time for filing claims *against* the debtor rather than claims *of* the debtor.