OMELENCHUK v CITY OF WARREN

Docket No. 114782. Decided March 28, 2000. On application by the plaintiffs for leave to appeal, the Supreme Court, in lieu of granting leave, vacated the judgment of the Court of Appeals, and remanded the case to that Court for further proceedings.

Jeanne and Kristin Omelenchuk, as copersonal representatives of the estate of George Omelenchuk, deceased, brought a malpractice action in the Macomb Circuit Court against the city of Warren and its fire department for failure to properly resuscitate Mr. Omelenchuk. The court, George E. Montgomery, J., granted summary disposition for the city on the basis of governmental immunity. The Court of Appeals, NEFF, P.J., and MICHAEL J. KELLY and HOOD, JJ., affirmed, in an unpublished opinion per curiam, concluding that the plaintiffs' complaint had not been timely filed (Docket No. 204098). The plaintiffs seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The plaintiffs' complaint was timely filed.

The plaintiffs' decedent died on February 13, 1994, and the plaintiffs received their letters of authority on February 14, 1994. Thus, the two-year limitation period was set to expire on February 14, 1996. On December 11, 1995, sixty-five days before the expiration of the limitation period, the plaintiffs provided notice of suit to the defendants as required by MCL 600.2912b; MSA 27A.2912(2). As a result, the limitation period was tolled one hundred eighty-two days under MCL 600.2912b(3); MSA 27A.2912(2)(3) until June 10, 1996. It then resumed for another sixty-five days until it expired on August 14, 1996. The plaintiffs filed their complaint on July 19, 1996, nearly a month before the end of the recalculated limitation period.

Vacated and remanded.

*Visser & Bolhouse, P.C.* (by *Stephen J. De Haan*), for plaintiffs-appellants.

*Garan, Lucow, Miller, Seward, P.C.* (by *Rosalind H. Rochkind* and *Matthew A. Seward*), for defendants-appellees.

PER CURIAM. On the basis of governmental immunity, the circuit court granted summary disposition in favor of the defendants. The Court of Appeals affirmed, but did so on the ground that the plaintiffs' complaint was filed after the expiration of the statutory limitation period. We find that the plaintiffs' complaint was timely filed. Accordingly, we vacate the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the immunity issue.

I

On February 13, 1994, a man named George Omelenchuk suffered a heart attack at work.[1] The person who found him lying on the floor called the Warren Fire Department, which sent two trucks. Emergency personnel at the scene included two firefighters, three paramedics, and an emergency medical technician.

Resuscitation efforts included insertion of an endotracheal tube. The defendants say that all three paramedics checked to make sure the tube was properly placed. However, when Mr. Omelenchuk arrived at the hospital, the tube was found to be in his esophagus, rather than his trachea.

---

[1] This case has not yet been tried, and we therefore take the facts as presented in the plaintiffs' complaint. For the purpose of providing a factual narrative, we have also looked at other papers in the file.

Mr. Omelenchuk was transported to a hospital that was located across the street from his place of business. In the emergency room, further efforts were made to save his life. However, these were unsuccessful, and he was declared dead.

The day after Mr. Omelenchuk died, plaintiffs Jeanne Omelenchuk and Kristin Omelenchuk were named copersonal representatives of the estate.[2]

The limitation period for a malpractice action is two years.[3] Thus, if no tolling provision were applicable, the personal representatives had until February 14, 1996—two years after their appointment—to bring the action.[4]

On December 11, 1995, the plaintiffs notified the city of Warren of their intent to file suit.[5] MCL 600.2912b; MSA 27A.2912(2). The defendants did not file a written response to this notice. MCL 600.2912b(7); MSA 27A.2912(2)(7).

---

[2] The plaintiffs' complaint identifies Jeanne Omelenchuk as the decedent's widow. However, the defendants dispute that assertion on the basis of a 1992 judgment of divorce. Kristin Omelenchuk is the daughter of George and Jeanne Omelenchuk.

[3] Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice. [MCL 600.5805(4); MSA 27A.5805(4).]

[4] If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [MCL 600.5852; MSA 27A.5852.]

[5] The notice was given in a letter dated December 7, 1995. The letter was received by the city and by the fire department on December 11. The parties are in agreement that December 11, 1995, is the notice date.

Relying on a tolling provision that we will discuss below, the plaintiffs filed suit against the city of Warren and the Warren Fire Department on July 19, 1996.

In March 1997, the defendants moved for summary disposition. MCR 2.116(C)(7). The motion listed several grounds, including governmental immunity and the statute of limitations.

At the motion hearing, defense counsel argued that the defendants were immune because there was no showing that the emergency personnel had been grossly negligent and because the city could not be held vicariously liable.[6] In presenting these arguments, counsel cited MCL 333.20965; MSA 14.15(20965) and MCL 691.1407; MSA 3.996(107). Without explaining the precise statutory basis of its ruling, the circuit court granted summary disposition "[o]n the basis of government immunity."

The plaintiffs appealed. The Court of Appeals affirmed,[7] but not on the basis of immunity. Instead, the Court concluded that the plaintiffs' complaint had not been timely filed.

The plaintiffs have applied for leave to appeal in this Court. The defendants have filed a conditional application for leave to appeal as cross-appellants.[8]

---

[6] At oral argument on the defendants' motion for summary disposition, defense counsel reported that the plaintiffs had conceded that the fire department was not an entity that could be sued separately. Thus the plaintiffs' recovery, if any, would come from the city of Warren.

[7] Unpublished opinion per curiam, issued April 6, 1999 (Docket No. 204098).

[8] The cross-application is conditional in the sense that the defendants ask us to deny the plaintiffs' application or, if we grant it, to grant their application, also.

II

Two sections of the Revised Judicature Act[9] are important to our determination whether the plaintiffs' complaint was timely filed.[10] One is the section with which the plaintiffs were complying when they gave notice on December 11, 1995. MCL 600.2912b; MSA 27A.2912(2).[11] The other is a provision regarding tolling of the statute of limitations. MCL 600.5856; MSA 27A.5856.

We will begin with MCL 600.2912b; MSA 27A.2912(2). In pertinent part, it provides:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

---

[9] MCL 600.101 *et seq.*; MSA 27A.101 *et seq.*

[10] Questions of statutory interpretation are decided de novo. *Northern Concrete Pipe, Inc v Sinacola Cos—Midwest, Inc*, 461 Mich 316, 320, n 14; 603 NW2d 257 (1999); *Donajkowski v Alpena Power Co*, 460 Mich 243, 248; 596 NW2d 574 (1999).

[11] MCL 600.2912b; MSA 27A.2912(2) pertains to claims against "a health professional or health facility." As we have noted, the defendants in this case are a city and its fire department. The Court of Appeals found it unnecessary to decide whether MCL 600.2912b; MSA 27A.2912(2) applies to these defendants "because plaintiffs' suit was filed in violation of the applicable statute of limitations whether [that statutory provision] is applicable or not."

MCL 600.2912a *et seq.*; MSA 27A.2912(1) *et seq.* does not define "health professional" or "health facility." However, we note that MCL 333.20106(1)(a); MSA 14.15(20106)(1)(a) defines "[h]ealth facility" to include an "ambulance operation" and that this definition is found in the article of the Public Health Code that contains part 209, concerning emergency medical services. The city of Warren has an ambulance operation, see *Natsch v Southfield*, 154 Mich App 317, 322; 397 NW2d 294 (1986), and we are satisfied that a person asserting a claim against the city for the malpractice of its emergency personnel must file the notice required by MCL 600.2912b; MSA 27A.2912(2).

* * *

(7) Within 154 days after receipt of notice under this section, the health professional or health facility against whom the claim is made shall furnish to the claimant or his or her authorized representative a written response that contains [the information required by MCL 600.2912b(7)(a)-(d); MSA 27A.2912(2)(7)(a)-(d).]

(8) If the claimant does not receive the written response required under subsection (7) within the required 154-day time period, the claimant may commence an action alleging medical malpractice upon the expiration of the 154-day period.

(9) If at any time during the applicable notice period under this section a health professional or health facility receiving notice under this section informs the claimant in writing that the health professional or health facility does not intend to settle the claim within the applicable notice period, the claimant may commence an action alleging medical malpractice against the health professional or health facility, so long as the claim is not barred by the statute of limitations.

These subsections set forth a number of requirements. Among them are several that pertain to the present case. First, a plaintiff cannot file suit without giving the notice required by subsection (1).[12] Second, no suit can be filed for one hundred eighty-two days after notice is given.[13] Third, the health professional

---

[12] The contents of the required notice are set forth in MCL 600.2912b(4); MSA 27A.2912(2)(4).

[13] MCL 600.2912b(3); MSA 27A.2912(2)(3) sets forth circumstances under which the notice period of one hundred eighty-two days is shortened to ninety-one days. However, that subsection is inapplicable in the present case, and we offer no view regarding how a ninety-one day notice period would affect other provisions discussed in this opinion. *Throughout this opinion, when we describe the notice period of one hundred eighty-two days, or when we speak of an interval of one hundred eighty-two days during which potential plaintiffs cannot file suit, we mean in each instance to acknowledge also the possibility that the period and*

or health facility against whom the claim is made has certain responsibilities after receiving the notice. Fourth, the interval of one hundred eighty-two days during which suit cannot be filed can be reduced to one hundred fifty-four days if the health professional or health facility fails to respond to the notice, and also can be reduced if the health professional or health facility responds that it will not settle.

Thus, MCL 600.2912b; MSA 27A.2912(2) establishes a "notice period" that is one hundred eighty-two days. Further, it establishes an interval during which one cannot file suit. This interval can be one hundred eighty-two days,[14] one hundred fifty-four days,[15] or some other number of days.[16]

### III

The second section of the RJA that pertains to our inquiry is MCL 600.5856(d); MSA 27A.5856(d).

> The statutes of limitations or repose are tolled:
>
> *     *     *
>
> (d) If, during the applicable notice period under [MCL 600.2912b; MSA 27A.2912(2)], a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with [MCL 600.2912b; MSA 27A.2912(2)].

---

*interval can be ninety-one days* under MCL 600.2912b(3); MSA 27A.2912(2)(3).

[14] MCL 600.2912b(1); MSA 27A.2912(2)(1).

[15] MCL 600.2912b(8); MSA 27A.2912(2)(8).

[16] MCL 600.2912b(9); MSA 27A.2912(2)(9).

Certainly, that provision could have been written more clearly. However, we first observe that it begins with the words:

> If, during the applicable notice period under [MCL 600.2912b; MSA 27A.2912(2)], a claim would be barred by the statute of limitations or repose . . . .

That clause sets forth the circumstances in which MCL 600.5856(d); MSA 27A.5856(d) is applicable. Thus, if the interval when a potential plaintiff is not allowed to sue ends before the limitation period ends (i.e., if notice is given more than one hundred eighty-two days before the end of the limitation period), then MCL 600.5856(d); MSA 27A.5856(d) is of no consequence. In that circumstance, the limitation period is unaffected by the fact that, during that period, there occurs an interval when a potential plaintiff cannot file suit.

If, however, the interval when a potential plaintiff is not allowed to file suit would end after the expiration of the limitation period (i.e., if notice is given one hundred eighty-two days or less before the end of the limitation period), then MCL 600.5856(d); MSA 27A.5856(d) applies. In that instance, the limitation period is tolled.

How long is the limitation period tolled? The statute says that the period is tolled

> for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with [MCL 600.2912b; MSA 27A.2912(2)].

The middle portion of that formulation is clear. "[A] number of days equal to the number of days in the

applicable notice period" would be one hundred eighty-two days. Immediately before that phrase, the Legislature further provided that the tolling is to be "for not longer than" that notice period. That phrase makes it clear that one hundred eighty-two days is the upper-limit for the tolling period. However, it also raises the possibility that the actual tolling period in a given case could be shorter. Although we could resolve that ambiguity by holding that the actual tolling period is equal to the "no suit" period, we decline to do so. Such a holding would effectively add words to the statute, so that it would read "for a number of days equal to the number of days in the no-suit period, but for not longer than the number of days in the notice period." We decline to rewrite the statute. In addition, that construction would encourage litigation over the length of the "no-suit" period. With those concerns in mind, we conclude and hold that the preferred construction is that the limitation period is tolled for the full one hundred eighty-two days.[17] This holding is faithful to the nomenclature used by the Legislature: The Legislature chose to link the tolling period to the "applicable notice period," which is a set period defined in the statute, rather than to the "no-suit" period, which may vary with a defendant's action or inaction.[18]

Finally, MCL 600.5856(d); MSA 27A.5856(d) also includes the phrase "after the date notice is given." It says that the limitation period is tolled

---

[17] Thus, for example, if notice is given when forty days remain in the limitation period, the limitation period is tolled one hundred eighty-two days and expires two hundred twenty-two days after notice is given.

[18] We also note that we reached the same conclusion, in dicta, in *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229-230, n 7; 561 NW2d 843 (1997).

for not longer than a number of days equal to the number of days in the applicable notice period *after the date notice is given* in compliance with [MCL 600.2912b; MSA 27A.2912(2)]. [Emphasis supplied.]

We understand the emphasized phrase as legislative emphasis that the limitation period cannot be tolled unless the plaintiffs have complied with the provisions of MCL 600.2912b; MSA 27A.2912(2).[19]

IV

The Court of Appeals erred in its interpretation of MCL 600.5856(d); MSA 27A.5856(d). Whereas the statute provides that the limitation period is tolled for the number of days in the notice period (one hundred eighty-two days), the Court of Appeals held that the limitation period is tolled for the number of days in the no-suit interval. As we have seen, that can be one hundred eighty-two days.[20] Or, as in the present case, it might be one hundred fifty-four days (because the defendants failed to respond to the notice).[21] Or it could be some other number of days.[22]

---

[19] Conceivably, the phrase, "after the date notice is given," could mean that the limitation period is tolled only for the number of days between the provision of notice and what would otherwise be the expiration of the limitation period. However, if that were so, then notice given ten days before the end of the expiration of the limitation period would toll the limitation period only ten days (and the limitation period still would expire long before the one hundred eighty-two day interval during which suit is foreclosed). Indeed any potential plaintiff who failed to give notice more than ninety-one days before the expiration of the limitation period would be in peril of losing the cause of action. The Legislature surely did not intend its tolling provision as a trap for the unwary, and we will not interpret the ambiguous words "after the date notice is given" in that manner without a clear textual indication that the Legislature so intended.

[20] MCL 600.2912b(1);  MSA 27A.2912(2)(1).

[21] MCL 600.2912b(8);  MSA 27A.2912(2)(8).

[22] MCL 600.2912b(9);  MSA 27A.2912(2)(9).

The Court of Appeals found that the limitation period expired in the present case because it was tolled only for the one hundred fifty-four days of the applicable no-suit interval. However, the tolling was for the notice period, which was one hundred eighty-two days regardless of whether or how the defendants responded to the notice.

V

In the present case, the plaintiffs' decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, the two-year limitation period was set to expire on February 14, 1996.

On December 11, 1995 (sixty-five days before the expiration of the limitation period) the plaintiffs provided the required notice to the defendants. As a result of the notice, the limitation period was tolled one hundred eighty-two days. Rather than expiring on February 14, 1996, the limitation period thus was tolled from December 11, 1995, until June 10, 1996; it then resumed for another sixty-five days until it expired on August 14, 1996.

The plaintiffs were unable to file suit for one hundred fifty-four days after they provided notice on December 11, 1995.[23] This no-suit interval ended on May 13, 1996, after which they were able to file suit. The plaintiffs then filed their complaint on July 19, 1996, nearly a month before the end of the recalculated limitation period.

---

[23] This no-suit interval would have been one hundred eighty-two days, but it was shortened to one hundred fifty-four when the defendants failed to respond to the notice.

For these reasons, we vacate the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the plaintiffs' arguments concerning the immunity issue, upon which the circuit court granted summary disposition. MCR 7.302(F)(1).

WEAVER, C.J., and CAVANAGH, KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.