**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Clifford W. Taylor      Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Marilyn Kelly
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman

FILED JUNE 28, 2006

RICHARD COSTA AND CINDY COSTA,

      Plaintiffs-Appellants,
      Cross-Appellees.

v                                             Nos. 127334, 127335

COMMUNITY EMERGENCY MEDICAL
SERVICES, INC., DAVE HENSHAW, SCOTT
MEISTER,

      Defendants-Appellees,
      Cross-Appellants.
and

DONALD FARENGER AND LISA
M. SCHULTZ,

      Defendants-Appellees.
_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

The question presented is whether medical malpractice defendants who have asserted the defense of governmental immunity must nonetheless file an affidavit of meritorious defense pursuant to MCL 600.2912e. Because governmental immunity is a complete defense to such a suit, we hold that where a

plaintiff has otherwise failed to overcome the barrier of governmental immunity, such defendants are relieved from the burden of filing an affidavit of meritorious defense.

## I. Background

Plaintiff Richard Costa,[1] in the city of Taylor for a business meeting, was knocked unconscious when he was punched in the face by a coworker and struck his head on the pavement. Defendants Donald Farenger and Lisa M. Schultz arrived on the scene on behalf of the city of Taylor Fire Department emergency medical service, and defendants Dave Henshaw and Scott Meister arrived on the scene on behalf of defendant Community Emergency Medical Services, Inc. These emergency responders revived plaintiff and attempted to determine his level of consciousness and mental capacity. While plaintiff was able to recall his name, his location, and the nature of his visit to Taylor, he was unable to recall the altercation with his coworker and had difficulty walking unassisted. However, after he correctly answered a series of questions, defendants concluded that he was competent to refuse medical treatment. Plaintiff signed a form refusing medical treatment and returned to his hotel with the assistance of his coworker. Unfortunately, medical personnel had to be summoned again the next morning, when the coworker was unable to awaken plaintiff. Plaintiff had to undergo an

---

[1] Because plaintiff Cindy Costa's claims are derivative of the injuries suffered by her husband, Richard, we will refer to Richard Costa as the singular "plaintiff."

emergency craniotonomy to treat an epidural hematoma. Plaintiff alleges that as a result of that hematoma, he has lost the vision in one eye and suffers from various ongoing cognitive impairments.

Plaintiff filed the instant medical malpractice action, alleging that defendants failed to provide proper treatment at the scene of the assault. Defendants Farenger and Schultz filed motions for summary disposition, asserting that under the governmental immunity act, MCL 691.1407, they were immune because they were not grossly negligent and their conduct was not "the proximate cause" of plaintiff's injury. The remaining defendants sought summary disposition under the emergency medical services act, MCL 333.20965(1), claiming that they were not grossly negligent. Plaintiff also filed a motion for summary disposition or a default judgment, based on the failure of Farenger and Schultz to file timely affidavits of meritorious defense under MCL 600.2912e. The trial court denied each motion, but allowed Farenger and Schultz to file appropriate affidavits within 30 days. The trial court failed to stay proceedings while defendants pursued an appeal of right, as required by MCR 7.209(E)(4). That rule provides that if a governmental party files a claim of appeal from an order denying governmental immunity, "the trial court shall stay proceedings regarding that party during the pendency of the appeal, unless the Court of Appeals directs otherwise."

The Court of Appeals, affirming in part and reversing in part, reversed the order of the trial court regarding defendants' motion for summary disposition,

3

ruling that plaintiff had not shown gross negligence, and also indicating that plaintiff was not entitled to a default judgment against Farenger and Schultz on the affidavit issue. *Costa v Community Emergency Medical Services, Inc,* 263 Mich App 572; 692 NW2d 712 (2004).

We granted oral argument on the application, directing the parties to include among the issues to be addressed at oral argument:

> (1) whether among the remedies against a party who fails to file an affidavit of meritorious defense, as required by MCL 600.2912e, is a default, and under what circumstances, if any, is such a remedy mandatory; and (2) the effect, if any, that reliance on the defense of governmental immunity has on the obligation to file an affidavit of meritorious defense under MCL 600.2912e. [*Costa v Community Emergency Medical Services, Inc*, 473 Mich 877 (2005).]

Because the answer to the second of these questions is dispositive of the issues presented in this case, we address only that question.

## II. Standard of Review

We review de novo a trial court's ruling on a motion for summary disposition. *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 613; 664 NW2d 165 (2003). This case involves statutory interpretation, which is a question of law that we review de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004).

## III. Analysis

The question presented is whether MCL 600.2912e requires a defendant to file an affidavit of meritorious defense, notwithstanding the fact that the defendant

also asserts a claim of governmental immunity under the government tort liability act (GTLA), MCL 691.1407(2). MCL 600.2912e(1) provides, in pertinent part:

> In an action alleging medical malpractice . . . the defendant or, if the defendant is represented by an attorney, the defendant's attorney *shall* file, not later than 91 days after the plaintiff or the plaintiff's attorney files the affidavit [of merit], an affidavit of meritorious defense signed by a health professional . . . .[Emphasis added.]

The Legislature's use of the word "shall" in a statute generally "indicates a mandatory and imperative directive." *Burton v Reed City Hosp Corp*, 471 Mich 745, 752; 691 NW2d 424 (2005). As such, the statute suggests that a medical malpractice defendant is obligated to file an affidavit of meritorious defense.

However, MCL 691.1407(2) provides that a governmental employee is immune from tort liability" if all the following conditions are met:

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

We have never specifically addressed the applicability of MCL 600.2912e to defendants who are governmental employees. However, we have repeatedly observed that governmental immunity legislation "'evidences a clear legislative judgment that public and private tortfeasors should be treated differently.'" *Robinson v Detroit,* 462 Mich 439, 459; 613 NW2d 307 (2000) (citation omitted).

We have also observed that a "central purpose" of governmental immunity is "to prevent a drain on the state's financial resources, by avoiding even the expense of having to contest on the merits any claim barred by governmental immunity." *Mack v Detroit*, 467 Mich 186, 203 n 18; 649 NW2d 47 (2002).

We believe that the expense and burden of obtaining an expert to prepare an affidavit of meritorious defense fall squarely within this purpose. It would be incongruous to conclude that the failure to comply with a pleading requirement of this nature would subject a defendant to tort liability, where such a defendant is already immune from tort liability by virtue of his or her status as a governmental employee. Allowing governmental employee defendants to raise an immunity defense while simultaneously requiring that they disrupt their duties and expend time and taxpayer resources to prepare an unnecessary affidavit of meritorious defense, would render illusory the immunity afforded by the GTLA.[2]

---

[2] The dissent is quick to point out that the word "shall," as used in MCL 600.2912e, indicates a mandatory directive. *Post* at 7. However, the dissent fails to explain why the Legislature's directive in MCL 691.1407(2), that a governmental employee "*is* immune" from liability, is not equally mandatory. The dissent offers no explanation regarding why the Legislature's determination that something "shall" be is more imperative than its determination that something "is." This case would be a much easier one if there were not these apparently conflicting provisions.

Governmental immunity is "a characteristic of government" that was historically recognized at common law until it was abrogated by this Court in *Williams v Detroit*, 364 Mich 231; 111 NW2d 1 (1961). *Mack, supra* at 202. The Legislature reinstituted and preserved this characteristic when it enacted the GTLA. *Id.* Therefore, the primacy of governmental immunity in this case is reinforced by "the sequence of the judicial and legislative events" forming the

(continued…)

Moreover, we note that the affidavit required by MCL 600.2912e must address whether the medical malpractice defendant complied with the applicable medical "standard of practice or care."[3] A claim that a defendant has violated an applicable standard of practice or care sounds in ordinary negligence. However, the plain language of the governmental immunity statute indicates that the

(…continued)
backdrop of the GTLA. *Id.* Moreover, Black's Law Dictionary (6th ed) defines "immunity" as "[e]xemption, as from serving in an office, *or performing duties which the law generally requires other citizens to perform.*" (Emphasis added.) Thus, in enacting MCL 691.1407(2), the Legislature singled out governmental employees and exempted them from performing at least some duties that the law generally requires other citizens to perform. In light of this, the dissent's suggestion that "[n]othing in the [GTLA] or the medical malpractice act . . . excuses these defendants" from filing an affidavit of meritorious defense, *post* at 2, is unpersuasive. While the medical malpractice act itself does not specifically state that the Legislature intended to treat governmental employees differently, when that act is read, as it must be, in conjunction with the GTLA's directive that governmental employees are immune, such a conclusion becomes clear.

[3] MCL 600.2912e(1)(b) to (d) provide that an affidavit of meritorious defense must provide:

> (b) The standard of practice or care that the health professional or health facility named as a defendant in the complaint claims to be applicable to the action and that the health professional or health facility complied with that standard.

> (c) The manner in which it is claimed by the health professional or health facility named as a defendant in the complaint that there was compliance with the applicable standard of practice or care.

> (d) The manner in which the health professional or health facility named as a defendant in the complaint contends that the alleged injury or alleged damage to the plaintiff is not related to the care and treatment rendered.

Legislature limited governmental employee liability to "gross negligence"--situations in which the contested conduct was substantially more than negligent. "Gross negligence" is defined by GTLA as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). Thus, MCL 600.2912e permits the assertion of a violation of the standard of care of ordinary negligence, which is a distinct and lesser standard of care than the gross negligence standard set forth in the GTLA. As such, even if a plaintiff could show that a government employee defendant's conduct breached "the applicable standard of practice or care," such a showing would not be sufficient to impose liability upon the employee. Rather, such a plaintiff would still have to make the additional showing that the employee's conduct amounted to "gross negligence" that was "the proximate cause" of the injury. Because the affidavit only requires a plaintiff to address the irrelevant question of ordinary negligence, and not the ultimate question of gross negligence, we conclude that the Legislature could not have intended that a governmental employee's failure to timely comply with the affidavit of merit requirements would deprive that employee of governmental immunity from tort liability.[4]

---

[4] The dissent misinterprets the requirements of the affidavit of meritorious defense statute, MCL 600.2912e, by conflating the elements of *duty* and *breach* in a negligence action. The "standard of practice or care . . . applicable to the action" addresses defendants' *duty*. Defendants' affiant must identify the specific conduct a reasonable health professional or health facility would undertake under the particular circumstances presented in that case and whether defendants complied with that standard. The dissent believes that the affiant is required to make a legal

(continued…)

Because governmental employees are immune from breaches of the standard of ordinary care, the affidavit of merit requirements of MCL 600.2912e are not relevant to a defendant otherwise entitled to governmental immunity, and we therefore conclude that such a defendant may not lose the benefit of that immunity merely by failing to timely file the affidavit of meritorious defense.[5]

However, our opinion today should not be read to suggest that the mere assertion of a governmental immunity defense forever precludes the defendant making that assertion from the obligation to file the affidavit required by MCL 600.2912e. Where it has been determined that a defendant claiming governmental immunity is not entitled to immunity under MCL 691.1407(2), the defendant would, of course, then be obligated to comply with the same requirements as any other private tortfeasor. Yet, because of the 91-day filing requirement contained

---

(…continued)

determination as to whether defendants *breached* their duty by acting with gross negligence. However, nothing in MCL 600.2912e compels the affidavit of meritorious defense to address whether defendants acted with gross negligence in breaching their duty. Therefore, we reject the dissent's argument that MCL 600.2912e proves that the Legislature intended the affidavit of merit requirement to take priority over the defense of governmental immunity.

[5] In addition, we note that under the Michigan Court Rules, entry of a default would not be permitted under the instant circumstances. MCR 2.603(A)(1) provides: "If a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend* as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." (Emphasis added.) Defendants here did not fail to defend; rather, defendants asserted the complete defense of governmental immunity in their answer. As such, the provisions of the court rule pertaining to the entry of default are, by their own language, inapplicable.

in MCL 600.2912e, a ruling against the defendant on the immunity issue coming after 91 days would arguably prejudice the ability of a defendant to comply with MCL 600.2912e.

Under MCR 7.202(6)(v), an "order denying governmental immunity to a governmental party, including a governmental agency, official, or employee" is a "final order," from which an immediate appeal of right may be taken. Moreover, MCR 7.209(E)(4) provides that when a governmental party takes such an appeal, "the trial court shall stay proceedings regarding that party during the pendency of the appeal, unless the Court of Appeals directs otherwise."

In light of our interpretation today of the relevant statutes, and in view of these court rules, we hold that where a defendant has asserted the defense of governmental immunity, that defendant is not obligated to comply with the affidavit of meritorious defense requirement of MCL 600.2912e, unless an order has been entered denying governmental immunity to the defendant.[6] Where such an order has been entered, the defendant's obligation to comply with the requirements of MCL 600.2912e will be stayed during the pendency of the appeal of that order.

---

[6] Contrary to the dissent's suggestion, *post* at 8 n 5, this opinion does not implicate the "absurd results" rule for there is nothing herein that reaches a result that we view to be contrary to the actual language of the law. Rather, we are simply attempting to reasonably accommodate the provisions of MCL 600.2912e and MCL 691.1407(2).

IV. Conclusion

Because governmental immunity provides a complete defense from tort liability for governmental employees, a governmental employee who satisfies the requirements of MCL 691.1407(2) is not required to file an affidavit of meritorious defense under MCL 600.2912e where such an employee is a defendant in a medical malpractice action. Moreover, where a governmental employee has invoked the defense of governmental immunity, but a trial court enters an order denying immunity to that employee, the requirements of MCL 600.2912e shall be stayed during the pendency of any appeal on that issue.

We therefore affirm that part of the judgment of the Court of Appeals that reversed the trial court's order denying defendants' motion for summary disposition. Accordingly, we remand this case to the Wayne Circuit Court for the entry of an order granting summary disposition to defendants.

Clifford W. Taylor
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

11

STATE OF MICHIGAN

SUPREME COURT

RICHARD COSTA and CINDY COSTA,

       Plaintiffs-Appellants,
       Cross-Appellees,

v                                     Nos. 127334, 127335

COMMUNITY EMERGENCY MEDICAL
SERVICES, INC., DAVE HENSHAW,
SCOTT MEISTER,

       Defendants-Appellees,
       Cross-Appellants.
and

DONALD FARENGER AND LISA
M. SCHULTZ,

       Defendants-Appellees.

_____

KELLY, J. (*dissenting*).

     We granted oral argument on the application for leave to appeal in this case to discuss two issues: (1) whether, in a medical malpractice case, a party who fails to file an affidavit of meritorious defense as required by MCL 600.2912e may be defaulted and (2) whether a defendant who relies on the defense of governmental immunity must file an affidavit of meritorious defense. The majority finds that no affidavit is needed unless and until the court determines that a defendant is not protected by governmental immunity. The majority also notes that in this case

failure to file the affidavit of meritorious defense does not require entry of a default judgment. Because I disagree with the majority's reasoning and the result, I must respectfully dissent.

Defendants Farenger and Schultz should not be excused from filing affidavits of meritorious defense simply because they were claiming governmental immunity. Nothing in the governmental tort liability act (GTLA), MCL 691.1401 *et seq*., or the medical malpractice act, MCL 600.2912e, excuses these defendants from the mandatory requirement to file an affidavit of meritorious defense under MCL 600.2912e. Moreover, the mandatory requirement of MCL 600.2912e, applicable to all defendants in this type of case, does not conflict with or frustrate the purpose of the GTLA. Also, default is a proper remedy to be used against a medical malpractice defendant who fails to file such an affidavit.

Thus, on the basis of the unambiguous language of MCL 600.2912e, I would reverse the Court of Appeals judgment. And, in reliance on this Court's precedent in *Scarsella v Pollack*,[1] I would remand the case to the trial court for entry of a default judgment in plaintiffs' favor.

I. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Wold Architects & Engineers v Strat*, 474 Mich 223, 229; 713 NW2d 750 (2006). Issues of statutory interpretation are questions of law that also are

---

[1] 461 Mich 547; 607 NW2d 711 (2000).

2

reviewed de novo. *Sands Appliance Services v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000).

## II. ANALYSIS

The medical malpractice act, MCL 600.2912e, requires that all defendants in medical malpractice cases file affidavits of meritorious defense. It provides in pertinent part:

> (1) In an action alleging medical malpractice . . . the defendant or, if the defendant is represented by an attorney, the defendant's attorney *shall* file, not later than 91 days after the plaintiff or the plaintiff's attorney files the affidavit required under section 2912d, an affidavit of meritorious defense signed by a health professional . . . . [Emphasis added.]

The question presented is how, if at all, that mandatory requirement is affected by the GTLA, MCL 691.1407(2).

Under the GTLA, governmental employees are immune from tort liability when all of the following conditions are met:

> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.

> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. [MCL 691.1407(2).]

Construing the GTLA in light of the mandatory duty to file an affidavit of defense as set forth in MCL 600.2912e, the majority concludes that the GTLA must trump the medical malpractice act. It gives three reasons for this conclusion:

3

(1) an absurd result would ensue if defendants protected from tort liability by governmental immunity had to present a sworn statement demonstrating that they are not liable in tort, (2) this result would also require governmental employees needlessly to expend time and taxpayer resources to obtain these sworn statements, and (3) any contrary conclusion would erode governmental immunity. But as explained below, none of these reasons is persuasive.

## A. GOVERNMENTAL IMMUNITY IS NOT AUTOMATIC

Underlying the majority's decision in this case is its decision in *Mack v Detroit,* 467 Mich 186; 649 NW2d 47 (2002). Here, as in *Mack*, the majority again suggests that governmental immunity is automatic, that it is an entitlement because it is a characteristic of government. Moreover, the majority again posits that the burden is always on the plaintiff not only to plead in avoidance of governmental immunity, but also to disprove immunity if the defendant claims it. And the majority uses these foundational conclusions to support its ultimate finding that requiring an affidavit of merit from governmental defendants will defeat the purpose of governmental immunity.

I disagree both with the majority's interpretation of the nature of governmental immunity itself and with its conclusion that the affidavit requirement will defeat the purpose of governmental immunity. Therefore, I disagree with its conclusion in this case because I believe that it is based on an incorrect view of the GTLA, which can be traced to *Mack*.

4

In *Mack*, this Court held that a party suing a unit of government must plead in avoidance of governmental immunity. In so holding, a majority of this Court overruled *McCummings v Hurley Med Ctr*,[2] which held that governmental immunity is an affirmative defense that must be pleaded by the government defendant. *Mack, supra,* at 190. And although I am required to follow the majority holding in *Mack,* I continue to agree with Justice Cavanagh's dissent in that case, with which I concurred. Today's unfortunate decision serves as additional proof why *Mack* was wrongly decided and why extending it is unwise.

As explained by Justice Cavanagh in his dissent in *Mack*, whereas governmental immunity traditionally was viewed as a characteristic of government, this view changed once the Legislature codified the common-law doctrine. *Id.* at 222 (Cavanagh, J., dissenting). As a consequence, Justice Cavanagh argued, there is not a textual presumption in favor of blanket governmental immunity. Rather, it is a defense. *Id.* Although *Mack* requires a plaintiff to plead that the defendant is not immune from suit, the government still bears the onus of proving the defense. *Id.*

Governmental immunity should properly be viewed as an affirmative defense. Therefore, it is difficult to conclude that the purpose of the GTLA will be frustrated by requiring governmental medical malpractice defendants to comply with the mandatory duty in MCL 600.2912e. For example, plaintiffs pled in

---

[2] 433 Mich 404; 446 NW2d 114 (1989).

5

avoidance of governmental immunity in the medical malpractice claim. They alleged that defendants were grossly negligent under the applicable standard of care[3] and that this gross negligence was the proximate cause of Richard Costa's injury. Accordingly, I believe that the burden was on defendants to assert the defense of governmental immunity; immunity did not adhere as a matter of course.

In order to prepare this immunity defense, defendants necessarily had to investigate plaintiffs' claim and assemble proofs. They had to expend resources on this defense. Significantly, the proofs needed in an affidavit of meritorious defense would include a showing of the applicable standard of care and compliance with that standard. The purpose, of course, is to demonstrate that defendants were not grossly negligent. The proofs needed to demonstrate governmental immunity would also require facts from which a finding of no gross negligence could be made. Accordingly, the purpose of the governmental immunity statute, rather than being thwarted, is served by requiring the governmental defendants in this case to file affidavits of meritorious defense. Indeed, the goals of the governmental immunity statute, the medical first responder statute, and the medical malpractice statute are fulfilled.

I fail to see how the majority can reasonably conclude that complying with MCL 600.2912e would require governmental employees (1) needlessly to expend

---

[3] Gross negligence is required in order to recover against a medical first responder under MCL 333.20965.

time and taxpayer resources to prepare the affidavits or (2) that this process would erode governmental immunity.

### B. NOTHING IN THE STATUTORY TEXT OF THE GTLA OR MEDICAL MALPRACTICE ACT EXCUSES DEFENDANTS FROM FILING AFFIDAVITS UNDER MCL 600.2912e

In addition to my disagreement with the foundational underpinnings of the majority's opinion, I find that nothing in the medical malpractice act or the GTLA supports the majority's result. Everyone on the Court is in accord that, if its language is clear and unambiguous, a statute must be enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). Moreover, we all agree that the Legislature is presumed to have intended the meaning it expressed. *Id*. MCL 600.2912e states that, in an action alleging medical malpractice, the defendant shall file an affidavit of meritorious defense. The use of the word "shall" indicates a mandatory directive.[4] *Oakland Co v Michigan*, 456 Mich 144, 154; 566 NW2d 616 (1997).

Nothing in the medical malpractice act leads to the conclusion that the Legislature intended the language of MCL 600.2912e be applied differently to

---

[4] The majority asserts that the statement in MCL 691.1407(2) that a governmental employee "is immune" should be read as a mandatory directive barring compliance with MCL 600.2912e. However, it must be stressed that the immunity granted in MCL 691.1407(2) is not an unfettered mandatory directive. Rather, it is a contingency requiring an initial finding, among others, that the employee's conduct did not amount to gross negligence. By contrast, there are no contingencies to the directive in MCL 600.2912e that all defendants "shall" file an affidavit of meritorious defense. The flaw in the majority's argument is based on its belief that MCL 600.2912e and MCL 691.1407(2) necessarily are in conflict. A conflict does not ever arguably exist in a case like this one where there is evidence that the employee's conduct was grossly negligent.

7

different defendants or in different types of claims. I find it particularly noteworthy that the Legislature wrote no exception for any reason whatsoever to the affidavit of meritorious defense requirement.

In creating the GTLA, the Legislature determined that governmental employees may be liable for acts of gross negligence. MCL 691.1407(2)(C). It is incongruous that a governmental employee would not be obliged to comply with rules that the Legislature created merely because the employee ultimately might be deemed immune from liability. The Legislature easily could have exempted governmental employees from MCL 600.2912e, or deferred them from its requirements pending a ruling on whether they were subject to governmental immunity. It did not do so.

I believe that the statute speaks for itself. I would hold that, under the language of MCL 600.2912e, a governmental employee must file an affidavit of meritorious defense when the plaintiff's claim sounds in medical malpractice.[5]

---

[5] Contrary to its assertions, the majority's analysis is not grounded in the statutory text. See *ante* at 10 n 6. Rather, its analysis depends solely on its own interpretation of what it perceives as the GTLA's purpose. Because the majority relies on considerations that are outside the statutory text, its opinion must be considered a repudiation of the principles announced in *People v McIntire*, 461 Mich 147; 599 NW2d 102 (1999). In my view, the majority makes a thinly veiled absurd-result analysis in this case. In effect, it argues that it would be an absurd result to conclude that the Legislature intended governmental defendants to show by affidavit facts supporting a finding of no ordinary negligence. The absurdity, the majority asserts, lies in the fact that defendants cannot be liable even if they are ordinarily negligent. They must be shown to be grossly negligent under MCL 691.1407(2).

(continued…)

8

### C. THE APPROPRIATE SANCTION FOR A VIOLATION OF MCL 600.2912e IS A DEFAULT

Another issue considered in plaintiffs' application for leave to appeal is whether default is an appropriate sanction for a violation of MCL 600.2912e. MCL 600.2912d requires a plaintiff to file an affidavit of merit with the complaint. Also, MCL 600.2912e requires a defendant to file an affidavit of meritorious defense no later than 91 days after the plaintiff files its affidavit of merit. I conclude that a defendant who fails to file an affidavit of meritorious defense may be defaulted, because an answer without an affidavit is viewed by the courts as a nullity. A default judgment is proper where a party has "failed to plead or otherwise defend [an action.]" MCR 2.603(A)(1). To hold otherwise would not only ignore our precedent and court rules, it would treat medical malpractice plaintiffs differently from medical malpractice defendants.

For example, in *Scarsella, supra,* this Court addressed the proper remedy for a plaintiff's failure to file an affidavit pursuant to MCL 600.2912d. We held that the Legislature's use of "shall" in MCL 600.2912d, "'indicates that the affidavit accompanying the complaint is mandatory and imperative.'" *Scarsella, supra* at 549 (citation omitted). This Court concluded that failure to meet the

---

(…continued)

But MCL 600.2912e makes no mention of "ordinary negligence," "standard of care of ordinary negligence," or "ordinary care," nor does it differentiate between ordinary negligence and gross negligence. *Ante* at 7-8. Rather, the majority has added this language to the statute. And the majority latches on to this judicially created language to create a conflict where none exists.

affidavit requirement does not toll the applicable statute of limitations because the filing is ineffective. *Id.* The complaint itself is viewed as a nullity. Hence, there is nothing to toll.

Similarly, in *Omelenchuk v City of Warren*,[6] this Court held that "a plaintiff cannot file suit without giving the notice required by [MCL 600.2912b(1)]." The failure of a plaintiff to give the notice means that a subsequently filed complaint is not viable. That complaint, too, would be viewed as a nullity.

Consider now the requirement that defendants in medical malpractice cases must file an affidavit of meritorious defense pursuant to MCL 600.2912e. Applying the reasoning in *Scarsella* and *Omelenchuk*, there having been no statutorily required affidavits filed, defendants' answers were deficient and should be considered a nullity. Therefore, the trial court should have granted plaintiffs' motion for a default judgment. The majority points out that defendants properly asserted governmental immunity. But, proper assertion of that defense does not remove defendants from *Scarsella* and *Omelenchuk*. Defendants still failed to file a complete answer.

This approach not only fosters consistent treatment of medical malpractice plaintiffs and defendants, it effectuates the intent of the Legislature as expressed MCL 600.2912e. After a plaintiff has filed an affidavit of merit and a complaint as required by MCL 600.2912d, the defendant must file an answer within 21 days.

---

[6] 461 Mich 567, 572; 609 NW2d 177 (2000), overruled in part on other grounds *Waltz v Wyse,* 469 Mich 642 (2004).

10

Then, as required under MCL 600.2912e, the defendant has 91 days from the filing of the plaintiff's affidavit and complaint to file an affidavit of meritorious defense. In this case, defendants' failure to follow these procedural requirements should have led the trial court to grant plaintiffs' motion for default judgment, as mandated by *Scarsella* and *Omelenchuk*.

### III. CONCLUSION

I would reverse the decision of the Court of Appeals and remand this case to the trial court for entry of a default judgment in plaintiffs' favor. MCL 600.2912e required defendants to file an affidavit of meritorious defense. Nothing in the statute excused them from this requirement by virtue of the fact that they claimed the defense of governmental immunity.

Because defendants failed to file an affidavit of meritorious defense, their answer is a legal nullity. Accordingly, a default judgment was the proper remedy. The judgment of the Court of Appeals should be reversed and, in reliance on *Scarsella*, the case should be remanded to the trial court for entry of a default judgment in plaintiffs' favor.

Marilyn Kelly
Michael F. Cavanagh

11