MARKMAN, J.
(concurring). I write separately to set forth an additional argument in support of the majority’s conclusion that only the one most relevant specialty and board certificate must match under MCL 600.2169(1), and to explain that although only the one most relevant specialty must match under § 2169(1), the trial court may require that other relevant specialties match pursuant to MCL 600.2169(2), MCL 600.2169(3), and MRE 702. I write also to respond to Chief Justice TAYLOR’s concurrence’s contention that this opinion is inconsistent with the majority opinion. I have also set forth an appendix that summarizes recent Michigan Supreme Court decisions in the increasingly complex area of medical malpractice.
ANALYSIS
MCL 600.2169(l)(a) requires a plaintiffs expert to have specialized “in the same specialty” as the defendant physician. And, if the defendant physician is a specialist who is board certified, § 2169(l)(a) requires the plaintiffs expert to be “board certified in that *581 specialty.” (Emphasis added.) In Robinson v Detroit, 462 Mich 439, 462; 613 NW2d 307 (2000), this Court held that the phrase “the proximate cause” as used in the governmental immunity act, MCL 691.1407(2), means “the one most immediate, efficient, and direct cause of the injury or damage ....” We explained that because “ ‘the’ is a definite article, and ‘cause’ is a singular noun, it is clear that the phrase ‘the proximate cause’ contemplates one cause.” Id. (emphasis in original). The same is true here. That is, because “the” is a definite article, and “specialty” is a singular noun, the phrase “the same specialty” contemplates one specialty— the most relevant specialty.[1] Therefore, where a defendant physician specializes in multiple specialties, § 2169(l)(a) requires an expert witness to specialize only in the same specialty engaged in by the defendant physician during the course of the alleged malpractice, i.e., the one most relevant specialty. And, if the defendant physician is board certified in “that specialty”— the one most relevant specialty— the plaintiffs expert witness must also be board certified in that specialty.
As the majority opinion explains, the requirements of § 2169(1) are not the only requirements that a medical expert must satisfy in order to be able to testify. MCL 600.2169(2) provides:
In determining the qualifications of an expert witness in an action alleging medical malpractice, the court shall, at a minimum, evaluate all of the following:
(a) The educational and professional training of the expert witness.
*582 (b) The area of specialization of the expert witness.
(c) The length of time the expert witness has been engaged in the active clinical practice or instruction of the health profession or the specialty.
(d) The relevancy of the expert witness’s testimony.
In addition, MCL 600.2169(3) specifically states, “This section does not limit the power of the trial court to disqualify an expert witness on grounds other than the qualifications set forth in this section.” Finally, MRE 702 provides:
If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
Therefore, although the fact that the defendant physician specializes in multiple specialties and the plaintiffs expert witness does not may not be considered under § 2169(1), it may be considered under § 2169(2) and MRE 702. For instance, if the defendant physician specializes in two specialties and both of these specialties are relevant, i.e., the defendant physician’s actions were informed by both specialties at the time of the alleged malpractice, the trial court may well conclude that, although the plaintiffs expert witness is qualified under § 2169(1) because he specializes in the one most relevant specialty, he may not be qualified under § 2169(2) or MRE 702 because he does not specialize in both relevant specialties. Through the application of § 2169(1), as well as by the exercise of judicial discretion *583 under § 2169(2) and MRE 702, plaintiffs are not obligated to produce experts matching irrelevant specialties of defendants, but they are obligated, in my judgment, to produce experts matching relevant specialties.
RESPONSE TO CHIEF JUSTICE TAYLOR’S CONCURRENCE
Chief Justice TAYLOR’s concurrence contends that this concurrence is inconsistent with the majority opinion that I have written. This is simply incorrect. I agree completely with everything said in the majority opinion: (a) The majority opinion holds that irrelevant specialties do not have to match. I agree, (b) The majority opinion holds that under § 2169(1) only the one most relevant specialty must match. I agree, (c) The majority opinion holds that an individual expert must meet all of the requirements of § 2169(1) in order to testify; a group of experts cannot pool their expertise to collectively satisfy the requirements of § 2169(1). I agree, (d) The majority opinion holds that just because an expert is qualified under § 2169(1) does not mean that the trial court cannot disqualify the expert on “other grounds.” I agree.
I write separately only to explain that I believe that one of these “other grounds” for disqualification can be the failure of the plaintiffs expert to match other relevant specialties. Contrary to Chief Justice TAYLOR’s concurrence’s contention, there is nothing in the majority opinion that precludes this conclusion. While the majority opinion holds that under § 2169(1) only the one most relevant specialty must match, this does not mean that a different provision of law cannot require that other relevant specialties be matched.
Chief Justice TAYLOR’s concurrence asserts that the majority opinion holds that “only one expert may be utilized” and the concurrence allows more. Post at 592. *584 This is again incorrect. As I have explained, I agree completely with the majority opinion that an individual expert must meet all of the requirements of § 2169(1) in order to testify. Contrary to Chief Justice TAYLOR’s concurrence, I do not believe that an assemblage of experts can join their expertise to collectively satisfy the requirements of § 2169(1). I further agree with the majority opinion that only one standard of practice or care was envisioned under § 2169(1), and, thus, the plaintiff need only produce one expert to testify about that standard, but, if a plaintiff wishes to, he is free to offer several different experts to testify regarding that relevant specialty, as long as each expert meets the criteria of § 2169(1).
Chief Justice TAYLOR’s concurrence contends that because I believe that multiple specialties may be relevant, this must also mean that I share its view that a plaintiff can utilize multiple experts because it would be impossible for any one expert to meet the requirements of MCL 600.2169(l)(b). Post at 631 n 71. This provision requires the proposed expert to have “devoted a majority of his or her professional time” to practicing or teaching the specialty in which the defendant physician specializes. That is, Chief Justice TAYLOR’s concurrence contends that because I believe that multiple specialties may be relevant, and because MCL 600.2169(l)(b) requires the proposed expert to have “devoted a majority of his or her professional time” to practicing or teaching the specialty in which the defendant physician specializes, I must necessarily agree with them that the plaintiff can utilize multiple experts because one expert cannot possibly devote a majority of his professional time to practicing or teaching multiple specialties.
However, Chief Justice TAYLOR’s concurrence overlooks that I agree with the majority opinion that under *585 § 2169(1) only the one most relevant specialty must match, and disagree with Chief Justice TAYLOR’s concurrence that all specialties, however irrelevant, must match under § 2169(1). Because only the one most relevant specialty must match under § 2169(1), it is not at all impossible for an expert to meet the requirements of § 2169(l)(b). Moreover, contrary to Chief Justice TAYLOR’s concurrence’s contention, § 2169(l)(b) does not “preclude any expert from providing testimony regarding more than one specialty area.” Post at 592. For instance, using Chief Justice TAYLOR’s concurrence’s hypothetical defendant physician who specializes in cardiovascular surgery and nephrology and who negligently inserts a pacemaker, if the trial court determines that cardiovascular surgery is the one most relevant specialty, under § 2169(1) (a), the plaintiffs expert must specialize in cardiovascular surgery and, under § 2169(l)(b), he must have devoted a majority of his professional time practicing or teaching cardiovascular surgery. However, even if the plaintiffs expert meets the requirements of § 2169(1), the trial court may conclude that nephrology is also a relevant specialty and that, if the expert does not also specialize in nephrology, he is not qualified under either § 2169(2) or MRE 702. Again, there is nothing inconsistent with holding that an expert may be qualified under one provision of law, but is not qualified under a different provision. Moreover, if the plaintiffs expert devotes a majority of his professional time to practicing or teaching cardiovascular surgery and also specializes in nephrology, nothing precludes that expert from testifying about both cardiovascular surgery and nephrology because § 2169(1) (b) only applies to the one most relevant specialty.
Chief Justice TAYLOR’s concurrence professes to concur with my concurring opinion. Post at 591. While this *586 would be welcome, those who signed Chief Justice TAYLOR’s opinion should understand my concurring opinion more clearly than they do. While this opinion and Chief Justice TAYLOR’s concurrence are in agreement with the proposition that all relevant specialties must match, our analyses differ. While this opinion grounds this conclusion in § 2169(2) and MRE 702, Chief Justice TAYLOR’s concurrence grounds this conclusion in § 2169(1). Of greater practical significance, the analysis in this opinion, unlike that of Chief Justice TAYLOR’s concurrence, cannot be separated from the majority opinion’s proposition that no irrelevant specialties must match and that an individual expert must meet all of the requirements of § 2169(1) in order to testify.
Because Chief Justice TAYLOR’s concurrence sows confusion regarding where the majority lies, I will attempt to clarify this. In my judgment, there is majority support for the following propositions:
(1) Irrelevant specialties do not have to match (Justices Cavanagh, Weaver, and Kelly, and myself);
(2) Under § 2169(1), only the one most relevant specialty must match (Justices CAVANAGH, WEAVER, and Kelly, and myself);
(3) An individual expert must meet all of the requirements of § 2169(1) in order to testify (Justices CAVANAGH, Weaver, and Kelly, and myself);
(4) An assemblage of experts cannot join their expertise to collectively satisfy the requirements of § 2169(1) (Justices Cavanagh, Weaver, and Kelly, and myself);
(5) That an expert is qualified under § 2169(1) does not mean that the trial court cannot disqualify the expert on other grounds (Chief Justice TAYLOR and Justices Cavanagh, Weaver, Kelly, Corrigan, and YOUNG, and myself);
*587 (6) Other relevant specialties may have to match under § 2169(2) and MRE 702 (Chief Justice TAYLOR and Justices CORRIGAN and YOUNG, and myself).
appendix
In light of the growing complexity of medical malpractice statutes in Michigan and the resultant case law, the following is designed as a brief summary of recent Michigan Supreme Court decisions in this area.
(1) If the claim pertains to an action that occurred within the course of a professional medical relationship and the claim raises questions of medical judgment beyond the realm of common knowledge and experience, the claim sounds in medical malpractice, not ordinary negligence. Bryant v Oakpointe Villa Nursing Ctr, Inc, 471 Mich 411; 684 NW2d 864 (2004).
(2) The period of limitations is two years for an action charging malpractice. MCL 600.5805(6).
(3) A person cannot commence a medical malpractice action without first giving the defendant written notice. MCL 600.2912b(l).
(4) No suit can be commenced for 182 days after written notice is given. MCL 600.2912b(l).
(5) The 182-day no-suit period can be shortened to 154 days if the defendant does not provide a written response within 154 days. MCL 600.2912b(8). The 182-day no-suit period can be shortened to 91 days under certain circumstances. MCL 600.2912b(3). Finally, the 182-day no-suit period can be shortened to some other number of days if the defendant informs the plaintiff in writing that the defendant does not intend to settle the claim. MCL 600.2912b(9).
(6) If the notice of intent is given 182 days or less before the end of the two-year limitations period, this *588 tolls the two-year limitations period for 182 days. MCL 600.5856(c); Omelenchuk v City of Warren, 461 Mich 567; 609 NW2d 177 (2000).
(7) A notice of intent must include: (a) the factual basis for the claim; (b) the applicable standard of practice or care alleged by the claimant; (c) the manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility; (d) the alleged action that should have been taken to achieve compliance with the alleged standard of practice or care; (e) the manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice; and (f) the names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim. MCL 600.2912b(4); Roberts v Mecosta Gen Hosp (After Remand), 470 Mich 679; 684 NW2d 711 (2004).
(8) A notice of intent that is not in full compliance with MCL 600.2912b(4) does not toll the limitations period. MCL 600.5856(c); Roberts, supra.
(9) The tacking or addition of successive 182-day periods is prohibited. MCL 600.2912b(6).
(10) A second notice of intent can toll the period of limitations if the first notice of intent did not toll the period of limitations. MCL 600.2912b(6); Mayberry v Gen Orthopedics, PC, 474 Mich 1; 704 NW2d 69 (2005).
(11) A complaint alleging medical malpractice that is filed before the expiration of the notice period provided by MCL 600.2912b does not toll the period of limitations. MCL 600.2912b(l); Burton v Reed City Hosp Corp, 471 Mich 745; 691 NW2d 424 (2005).
(12) If a person dies before the period of limitations has run or within 30 days after the period of limitations *589 has run, the personal representative of the decedent’s estate can file a wrongful death action up to two years after letters of authority are issued, as long as the action is brought within three years after the period of limitations has run. MCL 600.5852.
(13) A successor personal representative has two years after appointment to file an action on behalf of the estate as long as the action is filed within three years after the period of limitations has run. MCL 600.5852; Eggleston v Bio-Medical Applications of Detroit, Inc, 468 Mich 29; 658 NW2d 139 (2003).
(14) A notice of intent does not toll the additional period permitted for filing wrongful death actions under the wrongful death saving provision, MCL 600.5852. MCL 600.5856(c); Waltz v Wyse, 469 Mich 642; 677 NW2d 813 (2004).
(15) A plaintiff is required to file with the complaint an affidavit of merit signed by an expert who the plaintiffs attorney reasonably believes meets the requirements of MCL 600.2169. MCL 600.2912d(l); Grossman v Brown, 470 Mich 593; 685 NW2d 198 (2004).
(16) A complaint alleging medical malpractice that is not accompanied by the statutorily required affidavit of merit does not toll the limitations period. MCL 600.2912d(l); Scarsella v Pollak, 461 Mich 547; 607 NW2d 711 (2000).
(17) If a defendant physician is a specialist, the plaintiffs expert witness must have specialized in the same specialty as the defendant physician at the time of the occurrence that is the basis for the action. MCL 600.2169(l)(a); Woodard v Custer, 476 Mich 545; 719 NW2d 842 (2006).
*590 (18) If a defendant physician specializes in a subspecialty, the plaintiffs expert witness must have specialized in the same subspecialty as the defendant physician at the time of the occurrence that is the basis for the action. MCL 600.2169(l)(a); Woodard II, supra.
(19) If the defendant physician is a specialist who is board certified, the plaintiffs expert witness must be a specialist who is board certified in that specialty. MCL 600.2169(l)(a); Halloran v Bhan, 470 Mich 572; 683 NW2d 129 (2004).
(20) If a defendant physician has received a certificate of special qualifications, the plaintiffs expert witness must have received the same certificate of special qualifications. MCL 600.2169(l)(a); Woodard II.
(21) Where a defendant physician specializes in several specialties, the plaintiffs expert witness must have specialized in the same specialty as that engaged in by the defendant physician during the course of the alleged malpractice, i.e., the one most relevant specialty. MCL 600.2169(l)(a); Woodard II.
(22) Where a defendant physician is board certified in several specialties, the plaintiffs expert witness must be board certified in the specialty that the defendant physician was engaged in during the course of the alleged malpractice, i.e., the one most relevant specialty. MCL 600.2169(l)(a); Woodard II.
(23) If the defendant physician is a specialist, the plaintiffs expert witness must have devoted a majority of his professional time during the year immediately preceding the date on which the alleged malpractice occurred to practicing or teaching the specialty that the defendant physician was practicing at the time of the alleged malpractice, i.e., the one most relevant specialty. MCL 600.2169(1)00; Woodard II.
*591 (24) If the defendant physician specializes in a sub-specialty, the plaintiffs expert witness must have devoted a majority of his professional time during the year immediately preceding the date on which the alleged malpractice occurred to practicing or teaching the sub-specialty that the defendant physician was practicing at the time of the alleged malpractice, i.e., the one most relevant subspecialty. MCL 600.2169(l)(b); Woodard II.
(25) Because an expert is qualified under MCL 600.2169(1) does not mean that the trial court cannot disqualify the expert on other grounds. MCL 600.2169(2); § 2169(3); MCL 600.2955; MRE 702; Woodard II.

 I note that Chief Justice Taylor’s concurrence does not even attempt to reconcile its position in this case that “the same specialty” means multiple specialties with this Court’s decision in Robinson that “the proximate cause” means one cause. See also Paige v City of Sterling Hts, 476 Mich 495; 720 NW2d 219 (2006).